FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2016 OCT 24 PM 3: 27

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DEMETRIUS KERON FORD, )
)
    Petitioner, )
)
v. ) CV 115-034
) (Formerly CR 107-167)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

After a careful, *de novo* review of the file, the Court concurs in part with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) The Magistrate Judge recommended denial of Petitioner's § 2255 motion without an evidentiary hearing because Petitioner's motion was untimely and because Petitioner procedurally defaulted his claims. (Doc. no. 6.) Petitioner raises eleven objections, restating numerous arguments the Magistrate Judge already addressed at length in the R&R, and accordingly, only a few objections bear further discussion. Three merit discussion here.

First, the Magistrate Judge determined Petitioner could not show actual innocence needed to overcome his procedurally defaulted claim his plea was involuntary and unintelligent because Petitioner did not object to statements within the PSI demonstrating his guilt. (Doc. no. 26, p. 13.) Specifically, the Magistrate Judge cited a statement from the PSI that Petitioner knew his co-defendant was carrying a firearm at the time of the Dodge

Charger hijacking. (PSI ¶ 21; doc. no. 6, p. 13.) Petitioner objects, arguing the statement is ambiguous and that he merely had a generalized knowledge a co-defendant possessed a firearm, not that he knew specifically his co-defendant would brandish or carry a firearm during the Dodge Charger hijacking. (Doc. no. 9, pp. 2, 5.)

In his attempt to find error, Petitioner ignores the context of the statement which unequivocally establishes he was aware his co-defendant possessed a firearm at the time of the Dodge Charger hijacking. (PSI ¶ 21.) Indeed, the PSI states in relevant part:

> [Petitioner] took Roberts home; therefore, Roberts did not participate in the [Dodge Charger] hijacking. Milligan told [Petitioner] to approach the Dodge Charger so he traveled behind the vehicle. [Petitioner] reportedly never saw Milligan in possession of a firearm but he knew that he had one. Milligan exited [Petitioner's] vehicle at which time [Petitioner] left the scene, without witnessing the hijacking.

(PSI ¶ 22.) Thus, the statement's context unequivocally establishes Petitioner was aware Mr. Milligan was in possession of a firearm at the time of the Dodge Charger hijacking. (See id.) As the Magistrate Judge correctly determined, Petitioner's failure to object to this statement of fact within the PSI, later adopted at sentencing, constitutes admission of these facts and prevents Petitioner from demonstrating error in them. See United States v. Weir, 51 F.3d 1031, 1033 (11th Cir. 1995).

Second, the Magistrate Judge determined Petitioner could not demonstrate actual innocence needed to overcome his procedural default in part because Petitioner could not show actual innocence to equally serious counts charging Petitioner with hijacking a BMW and using, carrying, or brandishing a firearm during that hijacking. (Doc. no. 6, p. 14.) Petitioner admitted to willfully participating in the BMW hijacking, but the government dismissed all charges related to the BMW hijacking in exchange for Petitioner's guilty plea

to equally serious charges involving the Dodge Charger hijacking. (CR 107-167, doc. no. 260, pp. 26-30.) Petitioner contends he is only required to show actual innocence to *more serious* charges forgone by the government in the course of plea bargaining, and that the Eleventh Circuit has yet to speak on the issue whether "more serious" includes "equally serious" charges. (Doc. no. 9, p. 7.); Bousley v. United States, 523 U.S. 614, 624 (1998). Petitioner is correct in noting circuit courts have split on this issue with the Eleventh Circuit undecided. However, at least one court within the Eleventh Circuit has determined a petitioner's showing of actual innocence must extend to equally serious charges dropped in the course of plea bargaining. See Booth v. Thomas, No. 7:12-CV-0747-AKK-JEO, 2015 WL 400662, at *10 (N.D. Ala. Jan. 28, 2015) (following United States v. Caso, 723 F.3d 215, 221-22 (D.C. Cir. 2013) and Lewis v. Peterson, 329 F.3d 934, 937 (7th Cir. 2003) in holding "more serious" includes "equally serious") ("Assuming that a habeas petitioner seeking to establish the fundamental-miscarriage-of-justice exception must demonstrate actual innocence as to equally serious charges forgone by the State . . . [petitioner] has failed to do so.")

Here, Petitioner was charged with two "equally serious" counts of hijacking a motor vehicle, in violation of 18 U.S.C. § 2119, and two "equally serious" counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), for hijacking both the BMW and the Dodge Charger. CR 107-167, doc. no. 61. When asked by the Court at Petitioner's Rule 11 colloquy why Petitioner decided to plead guilty to the Dodge Charger hijacking as opposed to the BMW hijacking, Petitioner's counsel admitted to selecting the Dodge Charger only because "the Dodge Charger was less expensive than a BMW." (CR 107-167, doc. no. 260, p. 26.) Petitioner unequivocally

admitted to willfully participating in the hijacking of the BMW. (Id.) ("Yes, I did willfully participate in the BMW [hijacking] . . . .") Consequently, requiring Petitioner to show actual innocence as to equally serious charges prevents Petitioner from receiving an unjustified windfall merely because he decided to plead guilty to charges he now contests. See Booth, 2015 WL 400662 at *10. Because Petitioner cannot demonstrate actual innocence as to the equally serious charges involving the BMW hijacking that were dropped in the course of plea bargaining, he cannot overcome the procedural bar. See id.; Bousley, 523 U.S. at 624.

Third, Petitioner is correct that the Magistrate Judge erred in misconstruing Petitioner's actual innocence claim as a "free-standing" claim Petitioner cannot raise; however, the Magistrate Judge still correctly determined Petitioner procedurally defaulted his claim his guilty plea was involuntary and unintelligent and cannot show actual innocence needed to overcome procedural default.

In sum, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion with the exception noted *supra*, and therefore **DENIES** without an evidentiary hearing Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1]

Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*.

See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 24th day of October, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.